Filed 5/14/24  P. v. Williams CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080892 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD207315) |
| OCTAVUS VANSHON WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed.  Request for judicial notice denied.

Lizabeth Weis, under the appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Michael D. Butera, Deputy Attorneys General, for Plaintiff and Respondent.

In this appeal, we affirm the denial of the petitioner's second resentencing request under Penal Code section 1172.6.[1]  Contrary to his claim, changes made to the resentencing law by Senate Bill No. 775 (Senate Bill 775) after the denial of his first petition have no bearing on his conviction.  And although the trial court should have appointed counsel before denying the petition at the prima facie stage, this or any other procedural error made by the trial court was harmless because petitioner is ineligible for relief as a matter of law.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2008, Octavus Vanshon Williams was convicted by a jury for the murder of Gregory Harper.  In 2010, this court affirmed his conviction in an unpublished opinion.  (*People v. Williams* (Sept. 21, 2010, D054769) (*Williams I*).)[2]  We offer only a brief summary of the facts, which are undisputed in this appeal, for context.

Williams was a high ranking member of the Skyline gang.  Offended by what he perceived as slights to his status by Harper, a more junior gang member, he and another senior gang member, Andre Brown, confronted Harper in the apartment of a fourth gang member and beat him up.  Williams, Brown and Harper then left the apartment.  Two days later,

[1]    All further undesignated statutory references are to the Penal Code. Section 1172.6 was previously numbered 1170.95.  For simplicity, we refer to it as section 1172.6 throughout.

[2]    This is the first of two unpublished opinions related to this case that we reference under an exception to the general rule that unpublished opinions are not citable.  (Cal. Rules of Court, rule 8.1115(b)(2) [unpublished opinions may be cited when, as here, "the opinion is relevant to a criminal or disciplinary action because it states reasons for a decision affecting the same defendant or respondent in another such action."].)

Harper's body was discovered in the back of the car he had driven to meet Williams and Brown. He died of strangulation. (*Williams I, supra,* D054769.)

A jury acquitted Williams of first degree murder, necessarily rejecting theories of premeditation and felony murder. Instead, he was convicted of second degree murder with implied malice. (§ 187, subd. (a); *Williams I, supra,* D054769.) Brown subsequently pleaded guilty to the same offense.

In 2019, Williams filed a petition for resentencing under section 1172.6. In that matter, "[t]he trial court appointed counsel, received briefing, reviewed the record of conviction, and heard argument. The court denied the petition, finding Williams was prosecuted as a direct aider and abettor and that the jury was not instructed on felony murder for second degree murder and the jury was not instructed on the natural and probable consequences doctrine for that offense." (*People v. Williams* (Oct. 12, 2021, D078714) (*Williams II*).) We affirmed this denial.

Williams subsequently filed a second petition in which he argued that changes made to section 1172.6 by Senate Bill 775 entitled him to resentencing relief. The trial court denied his request summarily, recalling the basis for its previous denial and reasoning that Williams was collaterally estopped from bringing a second petition because "no change in the applicable law or facts . . . justify the filing of a successive petition." That second denial is the subject of this appeal.

## DISCUSSION

Senate Bill No. 1437 " 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the

3

underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) To accomplish this, it revised sections 188 and 189 and added section 1172.6 to create a procedure by which defendants previously convicted of murder under a now-unavailable theory of liability can seek resentencing. (*Lewis,* at p. 959.) With Senate Bill 775, the Legislature expanded this form of relief to include murder convictions stemming from "any theory under which malice is imputed to a person based solely on that person's participation in a crime," as well as attempted murder and manslaughter convictions that were similarly based on the prosecution's ability to proceed under a felony murder or natural and probable consequences doctrine. (Stats. 2021, ch. 551 (2021–2022 Reg. Sess.); § 188, subd. (a)(3).)

Williams claims the trial court erred in dismissing his second section 1172.6 petition primarily by (1) failing to appoint counsel at the prima facie stage, (2) relying on records it was prohibited from considering, namely our prior opinion, and (3) raising on its own and ultimately invoking the collateral estoppel effect of the order denying the first petition. He further argues these errors were prejudicial because his record of conviction does not conclusively establish he is ineligible for relief as a matter of law. As we explain below, Williams should have been afforded the benefit of counsel *before* the court decided whether his petition stated a prima facie case for relief. But irrespective of that error or any others, there is no prejudice to Williams. As we concluded in the first appeal, the trial court properly denied his first petition. And Senate Bill 775, which was enacted thereafter, made no changes that potentially affected his conviction. As a result, Williams remains ineligible for resentencing as a matter of law.

4

We agree with Williams's first contention.  Consistent with the reasoning of *Lewis, supra,* 11 Cal.5th 952, he was entitled to the appointment of counsel "upon the filing of a compliant petition" and before the trial court decided whether he had made a prima facie showing.[3]  (*Lewis,* at p. 963.)  The fact that the court chose to raise a legal issue not addressed in Williams's second petition—the collateral estoppel effect of the order denying his first petition—as a basis for rejecting it was yet another reason why counsel should have been appointed.  Even so, any error in failing to appoint counsel does not require reversal unless Williams can show it is reasonably probable that with the assistance of counsel, his second petition would not have been summarily denied without an evidentiary hearing.  (*Id.* at p. 974.)  A similar prejudice analysis applies to Williams's claim that the trial court should not have raised the collateral estoppel issue on its own motion and that doing so violated his due process rights as well as separation of powers principles.

It does not matter if Williams is correct on all or only some of his contentions, because as a matter of law, he remains ineligible for

---

[3]  There was admittedly some confusion in Williams's petition regarding the appointment of counsel.  He failed to check a box on the form requesting the appointment of counsel, yet he served the Office of the Public Defender with a copy of his petition.  The Attorney General does not contest that there was at least reason for the trial court to inquire whether Williams was requesting that counsel be appointed.

resentencing.[4]  The question of whether the court properly denied the resentencing petition at the prima facie stage is a legal one that we review de novo.  (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)  And putting aside the technical application of collateral estoppel or issue preclusion, the fact remains that we previously determined—based on a permissible review of the record of conviction in the underlying case—that Williams's first petition was properly denied.  (*Williams II, supra,* D078714.)  As the appellant, it is Williams's burden to show why the denial of his second petition—and not merely the reason for the denial—is legally incorrect.

Williams first emphasizes that the law has changed since the denial of his first petition with the amendment of section 1172.6 by Senate Bill 775, effective January 1, 2022.  But as we made clear in our opinion denying his first petition, the record demonstrates that Williams was convicted as the direct aider and abettor of an implied malice murder.  (*Williams II, supra,* D078714  ["The jury instructions demonstrated Williams was tried as a direct aider and abettor who acted with implied malice."].)  Generally, caselaw interpreting the scope of Senate Bill No. 1437 has clarified that direct aider and abettor liability for murder remains a valid legal theory because malice is not imputed to the offender.  (*People v. Powell* (2021) 63 Cal.App.5th 689, 710–714.)  Unlike convictions that rest on the natural and probable consequences doctrine, a direct aider and abettor is necessarily found to

_____

4       We are less concerned about Williams's assertion that the trial court improperly relied on prior appellate opinions.  As the Supreme Court in *Lewis* made clear, what is prohibited is reference to factual descriptions in appellate opinions as a means of " 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Lewis, supra,* 11 Cal.5th at p. 972, quoting *People v. Drayton* (2020) 47 Cal.App.5th 965, 980.)  As our opinion in *Williams II* made clear, we construed the trial court's ruling as being properly based on the record of conviction including the jury instructions.  (*Williams II, supra,* D078714.)

have *personally* possessed malice toward the victim. (*People v. Gentile* (2020) 10 Cal.5th 830, 848 ["Senate Bill 1437 does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought"[5]]; *People v. Superior Court* (*Valenzuela*) (2021) 73 Cal.App.5th 485, 501–502 (*Valenzuela*) [discussing both the actus reus and the mens rea requirement for direct aider and abettor murder liability].)

Contrary to Williams's position, Senate Bill 775 does nothing to change this. As we have already explained, "Senate Bill 775 does not . . . affect our conclusion that direct aiding and abetting implied malice murder remains a valid form of murder liability, because a person convicted of aiding and abetting implied malice murder [does not have] malice [ ] imputed [to him] based solely on the person's participation in a crime." (*People v. Vizcarra* (2022) 84 Cal.App.5th 377, 391 (*Vizcarra*); see also *People v. Glukhoy* (2022) 77 Cal.App.5th 576, 591 ["But nothing in Senate Bill 775 or its legislative history indicates a rejection of our high court's observation concerning the availability of direct aiding and abetting implied malice murder as a theory of accomplice liability . . . . If the Legislature intended to abrogate aiding and abetting implied malice murder, we think it would have expressly done so in Senate Bill 775."].)

Williams's only response as to prejudice is to assert a contrary view in which murder liability for a direct aider and abettor requires a specific intent to kill or express malice. He maintains and asks us to conclude "*Powell* and

[5] Malice aforethought can be either express or implied. (§ 188, subd. (a).) In this context, it makes no difference which kind of malice an aider and abettor harbored. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1057 ("Senate Bill No. 1437 changed the circumstances under which a person could be convicted of murder without a showing of malice, but it did not exclude from liability persons convicted of murder for acting with implied malice.").)

the decisions following that analysis were wrongly decided." But this court has already rejected the identical argument in three published cases. (*Valenzuela, supra,* 73 Cal.App.5th at pp. 501–503; *Vizcarra, supra,* 84 Cal.App.5th at pp. 390–391; *People v. Werntz* (2023) 90 Cal.App.5th 1093, 1111–1113.) We have no reason to reach a different conclusion here. As a result, Williams cannot show that any claimed error by the trial court in denying his second petition for resentencing under section 1172.6 could have adversely affected the outcome, because the record of his conviction conclusively establishes as a matter of law that he was not entitled to relief.

Finally, we address Williams's request for judicial notice. This pertains to documents showing that Brown (the other gang member convicted for Harper's murder) was able to withdraw his 2008 plea to second degree murder and plead instead to voluntary manslaughter in 2022. Williams argues this creates an unfair result and asserts it as another reason his resentencing petition should not have been denied. But he cites no authority for his argument, and we are unaware of any decision indicating that a plea deal given to one defendant who committed a crime must match the treatment of a codefendant. This falls squarely within the purview of prosecutorial discretion and has no bearing on our analysis of William's eligibility for resentencing. Because it is not pertinent to our decision, we deny the request for judicial notice. (Evid. Code, §§ 452 & 454, subd. (a)(1).)

## DISPOSITION

The trial court's order denying petitioner's request for resentencing is affirmed.

DATO, J.

WE CONCUR:

IRION, Acting P. J.

RUBIN, J.

9